Van Brunt, P. J.
This action was brought to recover the sum of $900 alleged to have been loaned by the plaintiff to the defendant to be used, as alleged in the complaint, in gtock speculations by the defendant “in which the said plaintiff and said defendant were to be jointly interested, that is to say, with said money defendant was to purchase and sell stocks with a view of a profit to accrue-on such sales to be equally divided, the said principal sum to be returned to the plaintiff.” '
The complaint then further alleged that no transactions on joint-account were ever made by the defendant, but that the defendant used and retained the said sum of $900 for his own use and benefit.
The defendant by his answer alleged that the arrangement between the plaintiff and himself was for joint operations in stock, for which the plaintiff was to advance the money; that he did advance $900 which was all applied to the payment of the losses upon said transaction.
The plaintiff in his evidence stated that he furnished the money for the defendant to speculate upon joint account and that he was trying to get an account; that the profits were to be divided between them; that the defendant stated that there would be no losses, and subsequently he stated that if the defendant could prove that he lost the money he would be satisfied with a verdict against him.
We have here a case of one man giving to another money with which to speculate upon joint account under an agreement to divide the profits, without anything being said as to how the losses are to be paid.
It is clear that such an arrangement made the parties to it copartners, such copartnership to be terminated at will, and it would seem that the pleader in drawing his complaint had that idea because he alleged that there had been no transactions on joint account and consequently .there had been no joint adventure by reason of which the capital contributed by the one partner could be impaired and therefore, no reason why such capital should not be recovered back as the copartnership had terminated. No accounting between the parties in such case would be necessary as there wuuld be nothing to enter into such account, except one single item, viz. : The capital contributed by the one partner.
The whole case seems to have been tried upon an entirely erroneous theory.. The question submitted to the jury *357 was whether or not it was an operation on joint account, where the losses and the profits were to be equally borne between the parties. As we have seen upon the plaintiff’s own testimony, such was the necessary result of the agreement between the parties, and the plaintiff could only succeed by showing that there had no joint transactions upon joint account.
The learned judge, also, charged the jury that there was proof of joint transactions and that they resulted in loss.
Under this state of the proof the court should have dismissed the complaint and probably would have done so had its attention been called to the peculiar allegations in the complaint and the condition of the evidence.
In none of the exceptions taken was this question raised. The defendant’s counsel planted himself upon the ground that if a copartnership were proven, under no circumstances could the action be maintained.
We may, _ however, if manifest injustice has been done reverse the judgment where there has been a motion for a new trial, and an appeal has been- taken from the order denying such motion.
The case seems to have been disposed of upon a mistaken theory as to what the real issue in the case was.
The judgment and order appealed from should be reversed, without costs.
Brady and Daniels, JJ., concur.